UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DOUBLE AA INTERNATIONAL INVESTMENT GROUP, INC., and DAYMI RODRIGUEZ,<br><br>    Plaintiffs,<br><br>v.<br><br>SWIRE PACIFIC HOLDINGS, INC., and LAWYERS TITLE INSURANCE CORPORATION,<br><br>    Defendants. | CASE NO.: 08-23444-ALTONAGA/BROWN |

**DEFENDANT SWIRE PACIFIC HOLDINGS, INC.'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant SWIRE PACIFIC HOLDINGS, INC. ("Swire"), through the undersigned counsel, hereby submits its Answer, Defenses, and Affirmative Defenses to Plaintiffs DOUBLE AA INTERNATIONAL INVESTMENT GROUP, INC. and DAYMI RODRIGUEZ'S ("Plaintiffs") Amended Complaint ("Complaint") as follows:

**I. JURISDICTION AND VENUE**

1. Swire admits that the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and that the Court has jurisdiction over this action. Swire denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Swire admits that Miami-Dade County is where the parties executed the contract and where the property which is the subject of the contract is located. Swire further admits that it regularly conducts business in Miami-Dade County. Swire is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 2

of the Complaint, and therefore, denies same and demands strict proof.

## II. Parties

3.  Swire is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and therefore, denies same and demands strict proof.

4.  Swire is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and therefore, denies same and demands strict proof.

5.  Swire admits that it is a foreign corporation registered with the Florida Department of State - Division of Corporations, and that Swire's principal place of business is located at 12634 S. 265 W., Draper, Utah 84020. Swire further admits that for jurisdictional purposes, it is a corporate citizen of the States of Utah and Delaware. Swire admits that one of its businesses is developing high rise condominiums and as part of this business, from time to time, Swire uses U.S. mail and telephone. Swire denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.  Swire is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore, denies same and demands strict proof.

## III. General Allegations

**A.    The Payment of Deposits and Violation of Fla. Stat. § 718.202.**

7.  Swire admits the allegations contained in Paragraph 7 of the Complaint.

8.  Swire admits the allegations contained in Paragraph 8 of the Complaint.

9.  Swire admits the allegations contained in Paragraph 9 of the Complaint.

10. Swire admits that the Purchase Agreement speaks for itself. Swire denies the remaining allegations in Paragraph 10 of the Complaint.

11. Swire admits the allegations contained in Paragraph 11 of the Complaint.

12. Swire admits that it provided Lawyers Title Insurance Corporation ("Lawyers Title") with a receipt, dated February 3, 2005. Lawyers Title then signed the receipt, acknowledging receipt of $66,000, and sent the document back to Swire. Subsequently, Swire sent the receipt to Double AA. Swire denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Swire admits that the Purchase Agreement speaks for itself. Swire denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Swire admits that it provided Lawyers Title with a receipt, dated May 17, 2005. Lawyers Title then signed the receipt, acknowledging receipt of $116,000, and sent the document back to Swire. Subsequently, Swire sent the receipt to Double AA. Swire denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Swire admits the allegations contained in Paragraph 15 of the Complaint.

16. Swire admits the allegations contained in Paragraph 16 of the Complaint.

17. Swire admits that Florida's Condominium Act is a valid law of Florida, and states that the Act speaks for itself. Swire denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Swire admits that Fla. Stat. § 718.202(1) is a valid law of Florida, and states that the statute speaks for itself. Swire denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. Swire admits that Fla. Stat. § 718.202(2) is a valid law of Florida, and states that the statute speaks for itself. Swire denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Swire denies the allegations contained in Paragraph 20 of the Complaint.

21. Swire admits that Ms. Damaris Rodriguez signed an Affidavit which contains a paragraph 3, and states that paragraph 3 speaks for itself and should be read and interpreted as part of the entire Affidavit. Swire denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. Swire denies the allegations contained in Paragraph 22 of the Complaint.

23. Swire denies the allegations contained in Paragraph 23 of the Complaint.

24. Swire admits that Plaintiffs purported to provide notice of voiding the Purchase Agreement in their February 24, 2009 and May 7, 2009 letters. Swire denies that the Purchase Agreement is void. Swire denies the remaining allegations in Paragraph 24 of the Complaint.

**B.    The Condominium and Violations of ILSFDA and FDUTPA.**

25. Swire admits that it was the developer of Asia the condominium. Swire further admits that it marketed Asia to the public. Swire denies the remaining allegations contained in Paragraph 25 of the Complaint.

26. Swire admits that the Purchase Agreement speaks for itself. Swire denies the remaining allegations contained in Paragraph 26 of the Complaint.

27. Swire denies the allegations contained in Paragraph 27 of the Complaint.

28. Swire denies the allegations contained in Paragraph 28 of the Complaint.

29. Swire denies the allegations contained in Paragraph 29 of the Complaint.

30. Swire denies the allegations contained in Paragraph 30 of the Complaint.

31. Swire denies the allegations contained in Paragraph 31 of the Complaint..

32. Swire admits that the Purchase Agreement speaks for itself.  Swire denies the remaining allegations contained in Paragraph 32 of the Complaint.

33. Swire admits that the Purchase Agreement speaks for itself.  Swire denies the remaining allegations contained in Paragraph 33 of the Complaint.

34. Swire admits that the Purchase Agreement speaks for itself.  Swire denies the remaining allegations contained in Paragraph 34 of the Complaint.

35. Swire admits that the Purchase Agreement speaks for itself.  Swire denies the remaining allegations contained in Paragraph 35 of the Complaint.

36. Swire denies the allegations contained in Paragraph 36 of the Complaint.

37. Swire denies the allegations contained in Paragraph 37 of the Complaint.

38. Swire denies the allegations contained in Paragraph 38 of the Complaint.

39. Swire denies the allegations contained in Paragraph 39 of the Complaint.

40. Swire admits that Double AA assigned its rights under the Purchase Agreement to Daymi Rodriguez.  Swire denies the remaining allegations contained in Paragraph 40 of the Complaint.

41. Swire admits the allegations contained in Paragraph 41 of the Complaint.

42. Swire admits the allegations contained in Paragraph 42 of the Complaint.

43. Swire is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, and therefore, denies same and demands strict proof.

44. Swire admits the allegations contained in Paragraph 44 of the Complaint.

45. Swire admits that Plaintiffs' October 14, 2008 letter to Swire purported to cancel the Purchase Agreement and demanded the return of the deposit. Swire denies the remaining allegations contained in Paragraph 45 of the Complaint.

46. Swire admits that its counsel sent Plaintiffs' counsel a letter on October 14, 2008 refusing to return the deposit.

47. Swire is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, and therefore, denies same and demands strict proof.

48. Swire denies the allegations contained in Paragraph 48 of the Complaint.

49. Swire denies the allegations contained in Paragraph 49 of the Complaint.

### III. Causes of Action

### Count I - Declaratory Action Against Defendant Swire

50. Swire realleges its responses to Paragraphs 1 through 49 of the Complaint.

51. Swire admits that Plaintiffs purport to seek declaratory relief under 28 U.S.C. §§ 2201-2202, but denies that they are entitled to any relief.

52. Swire admits that there is an actual controversy between Plaintiffs and Swire over the $116,000.00 that Defendant Lawyers Title holds in escrow, but denies that Plaintiffs are entitled to any relief.

53. Swire admits the allegations contained in Paragraph 53 of the Complaint.

54. Swire admits that there is an actual controversy between Plaintiffs and Swire over the $116,000.00 that Defendant Lawyers Title holds in escrow, but denies that Plaintiffs are entitled to any relief.

55. Swire denies the allegations contained in Paragraph 55 of the Complaint.

56. Swire admits that it is entitled to keep Plaintiffs' deposit. Swire denies the remaining allegations contained in Paragraph 56 of the Complaint.

57. Swire admits that Plaintiffs purport to claim that the Purchase Agreement is unenforceable, but denies that the contract is unenforceable. Swire denies the remaining allegations contained in Paragraph 57 of the Complaint.

58. Swire admits that the purchase agreement contains a paragraph 13, and states that paragraph 13 speaks for itself and should be read and interpreted as part of the entire contract. Swire denies the allegations contained in Paragraph 58 of the Complaint.

59. Swire denies the allegations contained in Paragraph 59 of the Complaint.

60. Swire admits that the purchase agreement contains a paragraph 13, and states that paragraph 13 speaks for itself and should be read and interpreted as part of the entire contract. Swire denies the remaining allegations contained in Paragraph 60 of the Complaint.

61. Swire denies the allegations contained in Paragraph 61 of the Complaint.

62. Swire denies the allegations contained in Paragraph 62 of the Complaint.

63. Swire admits that Plaintiffs purport to request that this Court construe paragraphs 13, 26, and 37 of the Purchase Agreement void, but denies that these paragraphs are void. Swire denies the remaining allegations contained in Paragraph 63 of the Complaint.

64. Swire admits that Plaintiffs purport to request that this Court construe the Purchase Agreement unenforceable, but denies that the contract is unenforceable. Swire denies the remaining allegations contained in Paragraph 64 of the Complaint.

65. Swire admits that Plaintiffs purport to request that this Court declare that Swire is still not entitled to recover the deposit monies as liquidated damages. Swire denies the remaining allegations contained in Paragraph 65 of the Complaint.

66. Swire admits that Plaintiffs purport to request that this Court declare Plaintiffs' rights vis-à-vis Defendants. Swire denies the remaining allegations contained in Paragraph 66 of the Complaint.

67. Swire admits that Plaintiffs purport to request that this Court declare Plaintiffs' rights vis-à-vis Swire. Swire denies the remaining allegations contained in Paragraph 67 of the Complaint.

**Count II - Declaratory Action Against Swire and Lawyers Title**

68. Swire realleges its responses to Paragraphs 1 through 49 of the Complaint.

69. Swire admits that Plaintiffs purport to seek declaratory relief under 28 U.S.C. §§ 2201-2202, but denies that they are entitled to any relief.

70. Swire admits that there is an actual controversy between Plaintiffs and Swire over the $116,000.00 that Defendant Lawyers Title holds in escrow, but denies that Plaintiffs are entitled to any relief.

71. Swire admits the allegations contained in Paragraph 71 of the Complaint.

72. Swire admits that it and Lawyers Title refuse to release the $116,000.00 in escrow but deny that Plaintiffs are entitled to any of this money. Swire denies the remaining allegations contained in Paragraph 72 of the Complaint.

73. Swire admits that Fla. Stat. § 718.202(5) is a valid law of Florida, and that it speaks for itself. Swire denies the remaining allegations contained in Paragraph 73 of the Complaint.

74. Swire admits that it and Lawyers Title refuse to release the $116,000.00 in escrow but deny that Plaintiffs are entitled to any of this money. Swire denies the remaining allegations contained in Paragraph 74 of the Complaint.

75. Swire admits that Plaintiffs purport to request that this Court declare Plaintiffs' rights vis-à-vis Defendants. Swire denies the remaining allegations contained in Paragraph 75 of the Complaint.

76. Swire admits that Plaintiffs purport to request that this Court declare Plaintiffs' rights regarding the additional $116,000.00. Swire denies the remaining allegations contained in Paragraph 76 of the Complaint.

**Count III - Violation of the FDUTPA Against Defendant Swire**

77. Swire realleges its responses to Paragraphs 1 through 49 of the Complaint.

78. Swire admits that FDUTPA is a valid law of the State of Florida, and that it speaks for itself. Swire denies the remaining allegations contained in Paragraph 78 of the Complaint.

79. Swire admits that, from time to time, it used U.S. mail, telephone, and internet to conduct business with certain customers. Swire denies the remaining allegations contained in Paragraph 79 of the Complaint.

80. Swire admits that FDUTPA is a valid law of the State of Florida, and that it speaks for itself. Swire denies the remaining allegations contained in Paragraph 80 of the Complaint.

81. Swire denies the allegations contained in Paragraph 81 of the Complaint.

82. Swire admits that ILSA is a valid law of the United States, and that the law (as interpreted by the Department of Housing and Urban Development and various federal and state courts) speaks for itself. Swire denies the remaining allegations contained in Paragraph 82 of the Complaint.

83. Swire denies the allegations contained in Paragraph 83 of the Complaint.

84. Swire denies the allegations contained in Paragraph 84 of the Complaint.

85. Swire denies the allegations contained in Paragraph 85 of the Complaint.

86. Swire denies the allegations contained in Paragraph 86 of the Complaint.

87. Swire denies the allegations contained in Paragraph 87 of the Complaint.

88. Swire denies the allegations contained in Paragraph 88 of the Complaint.

89. Swire denies the allegations contained in Paragraph 89 of the Complaint.

90. Swire denies the allegations contained in Paragraph 90 of the Complaint.

91. Swire denies the allegations contained in Paragraph 91 of the Complaint.

92. Swire denies the allegations contained in Paragraph 92 of the Complaint.

93. Swire denies the allegations contained in Paragraph 93 of the Complaint.

94. Swire denies the allegations contained in Paragraph 94 of the Complaint.

95. Swire denies the allegations contained in Paragraph 95 of the Complaint.

96. Swire admits that Fla. Stat. § 718.202 is a valid of law of Florida, and speaks for itself. Swire denies the remaining allegations contained in Paragraph 96 of the Complaint.

97. Swire denies the allegations contained in Paragraph 97 of the Complaint.

98. Swire admits that Plaintiffs purport to seek legal and declaratory relief under Florida Statutes Section 501.211, but denies that they are entitled to any relief. Swire denies the remaining allegations contained in Paragraph 98 of the Complaint.

99. Swire admits that Plaintiffs purport to seek attorneys' fees and costs pursuant to Florida Statutes Sections 501.211 and 501.2105, but denies that they are entitled to any relief. Swire denies the remaining allegations contained in Paragraph 99 of the Complaint.

**Count IV - Breach of Contract Against Defendant Swire**

100. Swire realleges its responses to Paragraphs 1 through 49 of the Complaint.

101. Swire denies the allegations contained in Paragraph 101 of the Complaint.

102. Swire denies the allegations contained in Paragraph 102 of the Complaint.

103. Swire denies the allegations contained in Paragraph 103 of the Complaint.

104. Swire denies the allegations contained in Paragraph 104 of the Complaint.

105. Swire denies the allegations contained in Paragraph 105 of the Complaint.

106. Swire denies the allegations contained in Paragraph 106 of the Complaint.

107. Swire denies the allegations contained in Paragraph 107 of the Complaint.

108. Swire admits that Plaintiffs have purported to provide notice of voiding the Purchase Agreement.  Swire denies the remaining allegations contained in Paragraph 108 of the Complaint.

109. Swire denies the allegations contained in Paragraph 109 of the Complaint.

110. Swire denies the allegations contained in Paragraph 110 of the Complaint.

## Count V - Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing Against Defendant Swire

111. Swire realleges its responses to Paragraphs 1 through 49, and 101 through 105 of the Complaint.

112. Swire denies the allegations contained in Paragraph 112 of the Complaint.

113. Swire denies the allegations contained in Paragraph 113 of the Complaint.

114. Swire denies the allegations contained in Paragraph 114 of the Complaint.

115. Swire denies the allegations contained in Paragraph 115 of the Complaint.

## IV. Jury Trial Demand

116. Swire admits that Plaintiffs purport to demand a trial by jury on all issues so triable.

## DEFENSES AND AFFIRMATIVE DEFENSES

Swire asserts the following defenses and affirmative defenses without assuming the burden of proof where such burden is otherwise on the Plaintiffs. Swire reserves the right to amend its defenses, including without limitation, any defenses based upon information to be learned through discovery.

### FIRST DEFENSE

(Good Faith)

Swire at all times acted in good faith and is not guilty of any wrongdoing and conducted itself at all times in accordance with applicable standards and norms of the real estate industry. Swire complied with ILSA and the contract, and Swire worked diligently to complete and deliver to Plaintiffs the contracted-for apartment unit.

### SECOND DEFENSE

(Exemption Under ILSA)

Swire is entitled to an exemption under ILSA under the "99 lot exemption." Therefore, the Complaint fails as a matter of law.

### THIRD DEFENSE

(Estoppel)

Plaintiff are estopped from bringing this cause of action because they were aware of the alleged contractual defects in the contract which purportedly give rise to their cause of action. By virtue of the express language contained in Section 26 of the contract, Plaintiffs were aware that in the event any provision of the contract violated ILSA, the rest of the contract would still be in full force and effect. Despite this, more than three years later, Plaintiffs decide to bring claims against Swire based on alleged violations of ILSA. Additionally, 15 U.S.C. § 1703(c)

directs:

> Revocation of contract or agreement at option of purchaser or lessee where required property report not supplied
>
> In the case of any contract or agreement for the sale or lease of a lot for which a property report is required by this chapter and the property report has not been given to the purchaser or lessee in advance of his or her signing such contract or agreement, such contract or agreement **may be revoked at the option of the purchaser or lessee within two years from the date of such signing**, and such contract or agreement shall clearly provide this right.

(emphasis added).

Plaintiffs did not bring their claims because of the failure to receive certain statutory disclosures or a property report within this two year time frame. As such, pursuant to the terms of the contract, Plaintiffs are estopped from bringing this action.

### FOURTH DEFENSE

(Waiver)

Plaintiffs have waived any claims related to alleged violations of ILSA because they were aware of the alleged contractual defects that purportedly give rise to their cause of action. By virtue of the express language contained in Section 26 of the contract, Plaintiffs were aware that in the event any provision of the contract violated ILSA, the rest of the contract would still be in full force and effect. Despite this, more than three years later, Plaintiffs decide to bring claims against Swire based on alleged violations of ILSA. Additionally, 15 U.S.C. § 1703(c) directs:

> Revocation of contract or agreement at option of purchaser or lessee where required property report not supplied
>
> In the case of any contract or agreement for the sale or lease of a lot for which a property report is required by this chapter and the property report has not been given to the purchaser or lessee in advance of his or her signing such contract or agreement, such contract or agreement **may be revoked at the option of the purchaser or lessee within two years from the date of such signing**, and such contract or agreement shall clearly provide this right.

(emphasis added).

Plaintiffs did not bring their ILSA claims because of the failure to receive certain statutory disclosures or a property report within this two year time frame. Moreover, based on Plaintiffs' continued acceptance of the benefits of the contract and failure to complain of the alleged contractual defects at the time they became aware of such alleged defects, Plaintiffs waived their right to bring any claims on any alleged violations of ILSA.

## FIFTH DEFENSE

(Ratification)

Plaintiffs have ratified their ILSA claims because they were aware of the alleged contractual defects that purportedly give rise to their cause of action. By virtue of the express language contained in Section 26 of the contract, Plaintiffs were aware that in the event any provision of the contract violated ILSA, the rest of the contract would still be in full force and effect. Despite this, more than three years later, Plaintiffs decide to bring claims against Swire based on alleged violations of ILSA. Additionally, 15 U.S.C. § 1703(c) directs:

> Revocation of contract or agreement at option of purchaser or lessee where required property report not supplied
>
> In the case of any contract or agreement for the sale or lease of a lot for which a property report is required by this chapter and the property report has not been given to the purchaser or lessee in advance of his or her signing such contract or agreement, such contract or agreement **may be revoked at the option of the purchaser or lessee within two years from the date of such signing**, and such contract or agreement shall clearly provide this right.

(emphasis added).

Plaintiffs did not bring their ILSA claims because of the failure to receive certain statutory disclosures or a property report within this two year time frame. However, based on Plaintiffs' continued acceptance of the benefits of the contract and failure to complain of the

14

alleged contractual defects at the time they became aware of such alleged defects, Plaintiffs ratified the conduct they are now complaining of and thus, their claims must fail.

**SIXTH DEFENSE**

(Laches)

Plaintiffs' claims are barred by the doctrine of laches. Plaintiffs unreasonably delayed in bringing this suit after signing the contract on or about February 2, 2005. By virtue of the express language contained in Section 26 of the contract, Plaintiffs were aware that in the event any provision of the contract violated ILSA, the rest of the contract would still be in full force and effect. Despite this, more than three years later, Plaintiffs decide to bring claims against Swire based on alleged violations of ILSA. Additionally, 15 U.S.C. § 1703(c) directs:

> Revocation of contract or agreement at option of purchaser or lessee where required property report not supplied
>
> In the case of any contract or agreement for the sale or lease of a lot for which a property report is required by this chapter and the property report has not been given to the purchaser or lessee in advance of his or her signing such contract or agreement, such contract or agreement **may be revoked at the option of the purchaser or lessee within two years from the date of such signing**, and such contract or agreement shall clearly provide this right.

(emphasis added).

Plaintiffs did not seek to revoke the contract because of the failure to receive certain statutory disclosures or a property report within this two year time frame. Swire relied on and is prejudiced by this delay. Further, Swire detrimentally relied on Plaintiffs' representations by changing its position to its detriment and taking the apartment off the market and not marketing or attempting to sell the apartment to other potential purchasers. Swire worked diligently to complete and deliver to Plaintiffs the contracted-for apartment.

## SEVENTH DEFENSE

(ILSA Statute of Limitations)

The ILSA statute of limitations provisions bar this action. Plaintiffs unreasonably delayed in bringing this suit after signing the contract on or about February 2, 2005. By virtue of the express language contained in Section 26 of the contract, Plaintiffs were aware that in the event any provision of the contract violated ILSA, the rest of the contract would still be in full force and effect. Despite this, more than three years later, Plaintiffs decide to bring a claim against Swire based on alleged violations of ILSA. Additionally, 15 U.S.C. § 1703(c) directs:

> Revocation of contract or agreement at option of purchaser or lessee where required property report not supplied
>
> In the case of any contract or agreement for the sale or lease of a lot for which a property report is required by this chapter and the property report has not been given to the purchaser or lessee in advance of his or her signing such contract or agreement, such contract or agreement **may be revoked at the option of the purchaser or lessee within two years from the date of such signing**, and such contract or agreement shall clearly provide this right.

(emphasis added).

Plaintiffs did not bring their ILSA claims because of the failure to receive certain statutory disclosures or a property report within this two year time frame. Therefore, the Complaint fails as a matter of law.

## EIGHTH DEFENSE

(ILSA Investor Exception)

Plaintiffs' claims are barred as the Plaintiffs' apartment was subject to an exemption under the ILSA because Plaintiffs purchased the apartment for investment purposes and, as such, are real estate investors.

## NINTH DEFENSE

(Material Breach of Contract)

Plaintiffs failed to close on apartment number 3202 at the Asia Condominium as required by the purchase agreement entered into by Plaintiffs and Swire. Therefore, the Complaint, and each purported cause of action contained therein, is barred by Plaintiffs' material breach of the purchase agreement.

## TENTH DEFENSE

(Obligations Fully Performed)

Swire delivered apartment number 3202 at the Asia Condominium to Plaintiffs in the condition required by the purchase agreement, and Swire was prepared to close on the apartment pursuant to the purchase agreement. As such, Swire performed all obligations, if any, that it was required to perform under the purchase agreement as alleged in the Complaint. Consequently, Plaintiffs are barred from recovering attorneys' fees, costs of litigation, or any other expenses from Swire.

## ELEVENTH DEFENSE

(Discharge)

Plaintiffs committed the first breach, and as such, Swire can treat the breach as a discharge of its alleged contract liability. Plaintiffs breached the purchase agreement by failing to close on the contracted for apartment and accordingly, Plaintiffs are in default under the terms of the purchase agreement. Therefore, Swire is discharged of any alleged contractual liability by Plaintiffs' material breach of the purchase agreement.

**WHEREFORE,** Swire prays for judgment at follows:

1. That Plaintiffs take nothing by reason of their Complaint, and that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Swire;

2. That Swire be awarded all attorneys' fees and recoverable costs; and

3. That Swire be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted,

                                        GREENBERG TRAURIG, P.A.
*Counsel for Defendant Swire Pacific Holdings, Inc.*
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

BY: /s/ Sandra Millor
     STEPHEN JAMES BINHAK
      Florida Bar No. 0736491
      binhaks@gtlaw.com
     SANDRA J. MILLOR
      Florida Bar No. 0013742
      millors@gtlaw.com

CASE NO.:  08-23444-ALTONAGA/BROWN

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2009, I electronically filed the foregoing Defendant Swire Pacific Holdings, Inc.'s Answer, Defenses, and Affirmative Defenses to Plaintiffs' Amended Complaint with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

   /s/ Sandra Millor  
SANDRA J. MILLOR

### Service List

**Alexander Lian, Esq.**
ALEXANDER LIAN, P.A.
777 Brickell Avenue, Suite 1210
Miami, Florida 33131

**Philip J. Kantor, Esq.**
**Asika Patel, Esq.**
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
One East Broward Blvd., Suite 1400
Fort Lauderdale, Florida 33301