UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23444-CIV-ALTONAGA/Brown

**DOUBLE AA INTERNATIONAL
INVESTMENT GROUP, INC.**;
and **DAYMI RODRIGUEZ**,

    Plaintiffs,
vs.

**SWIRE PACIFIC HOLDINGS, INC.**,
a Delaware corporation; and **LAWYERS
TITLE INSURANCE CORPORATION**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Motion by Defendant, Swire Pacific Holdings, Inc. ("Swire"), for Leave to File Motion for Reconsideration [D.E. 126], and Motion for Reconsideration [D.E. 127], filed on December 29, 2009.

On December 15, 2009, the Court entered an Order granting in part and denying in part the parties' cross motions for summary judgment [D.E. 124]. The Court granted summary judgment to Plaintiffs as to Count II of its Amended Complaint, finding that Swire had violated Florida Statute § 718.202 for failure to establish two separate escrow accounts, rendering the contract between Swire and Plaintiffs voidable by Plaintiffs. Swire now moves the Court for leave to file an untimely Motion for Reconsideration, while it simultaneously filed the Motion for Reconsideration itself.

As a threshold matter, Swire acknowledges that the Motion for Reconsideration is untimely. It does not, however, demonstrate any good cause as to why the Court should permit an untimely

Case No. 08-23444-CIV-ALTONAGA/Brown

motion.[1]  Swire states it became aware of a certain case in this district the holding of which bears upon the issues decided by the Court on summary judgment.  However, that opinion was issued on June 4, 2009, more than six months ago.  Swire certainly could have discovered the case before December 29, 2009.  Having shown no good cause, Swire's Motion is untimely and warrants denial on that basis.

Swire's Motion for Reconsideration also fails to meet the standard for reconsideration.  The function of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992).  "In particular, there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002) (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999)).  It is well-established that arguments that were or should have been raised in the first instance are not appropriate grounds for a motion for reconsideration.  *Gougler v. Sirius Prods., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005).  "Instead, a motion for reconsideration is appropriate where the 'Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension . . . .'" *Ass'n for Disabled Americans*, 211 F.R.D. at 477 (quoting *Z.K. Marine, Inc.*, 808 F. Supp. at 1563).  The reconsideration decision is "'committed to the sound discretion of the district judge'" and a motion for reconsideration will

---

[1] The deadline for filing pre-trial motions was October 2, 2009. (*See Order* [D.E. 14]).

Case No. 08-23444-CIV-ALTONAGA/Brown

be granted only in extraordinary circumstances. *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)).

As stated, Swire seeks reconsideration because it recently discovered a case in which the court found a plaintiff had only 15 days in which to rescind a condominium contract upon a violation of Florida Statute § 718.202. Swire failed to raise the issue that Plaintiffs' rescission claim was time-barred by an applicable statute of limitations in its summary judgment briefing. Instead, Swire argued only that section 718.202 does not require two separate escrow accounts, a position with which the Court disagreed. As one court has noted,

> Because these documents were available to the plaintiff for inclusion in her response to the motion for partial summary judgment, the undersigned concludes that plaintiff's attempt to slip them into the record on motion for reconsideration is untimely. In considering a motion for reconsideration, a court has considerable discretion in deciding whether to allow the losing party to argue new material. *See United States v. Land at 5 Bell Rock Road, Freetown, Mass.*, 896 F.2d 605, 611 (1st Cir. 1990).

*Miranda v. B & B Cash Grocery Stores, Inc.*, No. 88-1735-CIV-T-10C, 1990 WL 107556, at *1 (M.D. Fla. June 7, 1990).

As in *Miranda*, Swire seeks to argue new material by way of its Motion for Reconsideration. The only basis Swire asserts for reconsideration is that it failed to unearth a relevant case while summary judgment was being briefed, and it failed to raise a particular argument in either its Motion for Summary Judgment or its Response to Plaintiffs' Motion. Those grounds do not rise to the level

3

Case No. 08-23444-CIV-ALTONAGA/Brown

necessary for a finding of extraordinary circumstances[2] to support reconsideration. Accordingly, it is hereby

    **ORDERED AND ADJUDGED** that:

    1. The Motion for Leave to File Motion for Reconsideration **[D.E. 126]** is **DENIED**.

    2. The Motion for Reconsideration **[D.E. 127]** is **DENIED**.

    **DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of December, 2009.

*[signature]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

[2] Statutes of limitations are not jurisdictional, but are merely affirmative defenses which, if not raised, may be waived. *See In re Pugh*, 158 F.3d 530, 537 (11th Cir. 1998). While Swire raised other statute of limitations defenses in its Answer [D.E. 48], it did not assert one as to the claim stated in Count II.