UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-23444-CIV-ALTONAGA

DOUBLE AA INTERNATIONAL
INVESTMENT GROUP, INC., *et al.*,

    Plaintiffs,
vs.

SWIRE PACIFIC HOLDINGS, INC.,
*et al.*,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Further Relief Pursuant to 28 U.S.C. § 2202 [D.E. 131], filed January 4, 2010. In the Motion, Plaintiffs refer back to their Amended Complaint, which requested declaratory relief under sections 2201 and 2202 of the Declaratory Judgment Act, and which allows for further necessary or proper relief on a declaratory judgment after notice and hearing. *See* 28 U.S.C. § 2202. By their Motion, Plaintiffs now seek supplemental relief against Defendant, Lawyers Title Insurance Corporation ("Lawyers Title"), in the form of (1) a finding that Lawyers Title breached a fiduciary duty to Plaintiffs and damages for that breach, (2) a revision of their cause of action to a "straightforward breach of contract claim" and breach of contract damages, and (3) the addition of a negligence claim against Lawyers Title and damages for such negligence. Plaintiffs' Motion is denied for the following reasons.

Plaintiffs filed this suit on December 12, 2008. By Order dated January 28, 2009, the Court set a deadline of April 3, 2009 for amending pleadings; October 2, 2009 for the filing of all pre-trial motions other than motions *in limine*; and a trial date of January 12, 2010. The Court allowed

CASE NO. 08-23444-CIV-ALTONAGA

Plaintiffs to filed an untimely Amended Complaint on June 11, 2009 because of the non-objection of the Defendants. And on the basis of a joint motion for more time, the Court thereafter extended the deadline for the filing of pre-trial motions to October 12, 2009. On December 15, 2009, the Court ruled on the cross-motions for summary judgment.

Plaintiffs' present Motion, seeking to assert new claims as "supplemental" or "further" relief on its declaratory judgment claim against Lawyers Title, is untimely. Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." This standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 comm. note); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end."). If a motion to amend is filed after the deadline of the scheduling order has passed, the movant "must first demonstrate good cause under Rule 16(b) before [a court] will consider whether amendment is proper under Rule 15(a)." *Id.* at 1419 (citing *Johnson*, 975 F.2d at 607–08). Plaintiffs' Motion, while careful not to use the word "amendment," is nothing other than a carefully-worded attempt to amend the Amended Complaint without ever referring to or seeking to meet the requirements of Rule 16.

No reason is offered for the untimeliness of the request, and the Court's grant of summary judgment on one count of Plaintiffs' Amended Complaint on December 15, 2009 cannot serve as a basis for a finding of good cause to excuse Plaintiffs' failure to anticipate the claims it now seeks to add on the eve of trial. Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion for Further Relief Pursuant to 28 U.S.C.

2

CASE NO. 08-23444-CIV-ALTONAGA

2202 **[D.E. 131]** is **DENIED**. Furthermore, Defendant, Lawyers Title Insurance Corporation's Motion for Voluntary Dismissal of its Counterclaim **[D.E. 130]** is **DENIED** for the same reason – untimeliness. The hearing set for Friday, January 8, 2010 is **CANCELLED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 4th day of January, 2010.

*Cecilia M. Altonaga*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record