UNITED STATES DISTRICT COURT
**Southern District of Florida**

| | |
|---|---|
| Double AA International Investment Group, Inc. and Daymi Rodriguez, | |
| Plaintiffs, | |
| vs. | **Civil Action No. 08-23444**<br>**ALTONAGA/BROWN** |
| Swire Pacific Holdings, Inc., a Delaware Corporation, and Lawyers Title Insurance Corporation, | |
| Defendants. | |

**PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL OF COUNT II**
**OF THE AMENDED COMPLAINT AGAINST LAWYERS TITLE WITH PREJUDICE**

**and**

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND ANSWER, DEFENSES, AND**
**AFFIRMATIVE DEFENSES**

Plaintiffs Double AA International Investment Group, Inc. and Daymi Rodriguez ("Plaintiffs") request that this Court, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, dismiss Count II of Amended Complaint Against Lawyers Title [D.E. 47] with Prejudice.

Plaintiffs also request leave of this Court, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to amend its Answer, Defenses, and Affirmative Defenses to Lawyers Title's Counterclaim [D.E. 35] by withdrawing the following Defenses and Affirmative Defenses: Paragraph 24 ("Claims Not Inconsistent"); Paragraph 25 ("Lawyers Title Not an Innocent Stakeholder"); Paragraph 26 ("Breach of Third Party Beneficiary Contract"); Paragraph 27 ("Negligence"); and, Paragraph 28 ("Estoppel") (collectively, "Affirmative Defenses").

LIAN & ASSOCIATES
701 Brickell Avenue, Suite 1650
Miami, Florida 33131

In support, Plaintiffs state as follows.

### I. Background

Plaintiffs filed an Amended Complaint on June 11, 2009 [D.E. 47] which included a new count, Count II of the Amended Complaint, that sought declaratory relief against Defendant Lawyers Title for violation of Fla. Stat. 718.202. Specifically, Plaintiffs requested that this Court declare Plaintiffs rights vis-à-vis Lawyers Title regarding both the $116,000.00 that had been disbursed and the $116,000.00 held in escrow and any interest due on those sums to the Plaintiffs.

Lawyers Title filed an Answer on June 23, 2009 [D.E. 49]. Plaintiffs then moved for summary judgment on October 13, 2009 [D.E. 93]. While Plaintiffs propounded both discovery requests and requests for admission on Lawyers Title, Lawyers Title did not, in turn, conduct any discovery against the Plaintiffs. Lawyers Title requested to be excused from mediation [D.E. 66], which this Court granted [D.E. 67]. Later, Lawyers Title requested to be excused from trial [D.E. 85], a request this Court ultimately denied [D.E. 111]. Afterwards, Lawyers Title again tried to exit the case by filing a motion to dismiss its Interpleader Counterclaim on December 30, 2009 [D.E. 130].

On December 15, 2009, this Court granted Plaintiffs Motion for Summary Judgment [D.E. 111]. The Court specifically noted, in footnote 4, that while "Plaintiffs do not specifically reference Count II, it is that count of the Amended Complaint that seeks a declaratory judgment that Swire and Lawyers Title violated section 718.202, and that Plaintiffs are entitled to a refund of their deposits. Accordingly, summary judgment is appropriately granted as to Count II."

Despite the Court's ruling, Lawyers Title did not seek to vacate or reform the Court's judgment until the eve before trial on Lawyers Title's Interpleader Counterclaim. (*See* Lawyers

Title's "Trial Brief" [D.E. 138], filed on January 19, 2010). Thus, on the night before trial, for the first time in this action, did Lawyers Title begin to contest not only Count II of the Amended Complaint but the Affirmative Defenses interposed by Plaintiffs against Lawyers Title's Counterclaim. In purporting to defend against Plaintiffs' claims in Count II of the Amended Complaint and against Plaintiffs' affirmative defenses to the Interpleader Counterclaim, Lawyers Title sought to re-litigate issues that had already been decided by this Court regarding whether Fla. Stat. § 718.202 had been violated and whether Plaintiffs were entitled to a full refund of their deposits (plus interest) under § 718.202(5).

Up to the eve of trial, Lawyers Title had clearly expended very little resources in defending this action. They did not contest Plaintiffs' Motion for Summary Judgment, even though the issues decided in that Motion would clearly affect Lawyers Title's interests. In fact, the only time Lawyers Title left the sidelines in this litigation was when it purposefully sought to frustrate Plaintiffs' discovery requests. For their dilatory activities in this regard, Magistrate Judge Brown sanctioned Lawyers Title. (*See* Order Granting in Part and Denying in Part Plaintiffs' Motion for Sanctions Against Lawyers Title, [D.E. 76].)

Given Lawyers Title's limited involvement in this lawsuit, it will suffer no prejudice if this Court grants Plaintiffs' two motions, first to dismiss with prejudice Count II against Lawyers Title in the Amended Complaint, and, second, to withdraw Plaintiffs Affirmative Defenses to Lawyers Title's Interpleader Action. Plaintiffs have no objection to Lawyers Title interpleading the escrowed funds. Plaintiffs also admit that Lawyers Title did not create the conflict between Swire and Plaintiffs over the escrowed funds.

Given this Court's Summary Judgment Order and this Court's Order denying Plaintiffs' Motion for Declaratory Judgment Pursuant to 28 USC § 2202 [D.E. 133], it is pointless for

Plaintiffs to continue proceedings against Lawyers Title; to continue to do so would be a waste of both judicial and attorney resources.

Pursuant to S.D. Fla. L.R. 7.1(A)(3), Plaintiffs' counsel contacted Lawyers Title counsel to ascertain if he would agree to this Motion. Lawyers Title's counsel indicated that his client would not agree.

## II. LEGAL ARGUMENT

A. **Motion to Dismiss Count II Against Lawyers Title With Prejudice.**

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides in relevant part:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper. If a defendant has pleaded a counterclaim before being served with Plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

The law is clear that the decision to grant Plaintiffs' motion for voluntary dismissal with prejudice is within the sound discretion of the Court. *See U.S. v. Kasik*, 253 Fed. Appx. 835, 836 (11th Cir. 2007) (in most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result) (*citing McCants v. Ford Motor Co. Inc.*, 781 F.2d 855, 856-57 (11th Cir. 1986)).

In deciding whether to permit Plaintiffs' to voluntarily dismiss Count II against Lawyers Title with prejudice, the Court must weigh, (a) whether Lawyers Title will be prejudiced, and, (b) whether Lawyers Title's Counterclaim can stand on its own.

    a.  **Lawyers Title will not suffer any legal prejudice**.

As one Court has noted, only in a few cases have courts denied a plaintiff's motion to dismiss with prejudice. *See Villa Glas v. Everstone Pty. Ltd.*, 2007 WL 2126296, * 1 (M.D. Fla.

2007) (in cases where a court has denied a plaintiff's motion to dismiss with prejudice it is generally because the dismissal would negatively affect third parties).

Lawyers Title will suffer no prejudice if the claim against it is dismissed with prejudice. Lawyers Title has not spent substantial resources in defending this action. In fact, it did nothing of any note (other than attempt to frustrate Plaintiffs' efforts to obtain documents) throughout this entire proceeding except for its 11th hour trial brief.

In addition no other parties, whether third parties or Swire, will be prejudiced. Swire has had ample opportunity to litigate this lawsuit, in fact has litigated it aggressively (as evidenced by the number of hearing before Magistrate Judge Brown), and has presented arguments to this Court both in its Response to Plaintiffs' Motion for Summary Judgment [D.E. 101] and in its Motion for Reconsideration [D.E. 127].

### b. Lawyers Title's Interpleader Counterclaim can stand on its own.

Lawyers Title's counterclaim is a simple interpleader action. Lawyers Title has not stated affirmative claims against the Plaintiff. Nor has Lawyers Title stated any crossclaim against Swire. In fact, Lawyers Title and Swire have cooperated extensively throughout this litigation, even to the extent of Lawyers Title including Swire's exact arguments against the Plaintiffs in its Trial Brief. (*See* [D.E. 138] at 21-22 where Lawyers Title includes deposition testimony purporting to show that Plaintiffs did not suffer any damages, an issue irrelevant to an interpleader.)

Moreover, Plaintiffs seek to withdraw their Affirmative Defenses to the Interpleader Counterclaim. This act further diminishes any prejudice Lawyers Title may claim to suffer, as Plaintiffs are no longer contesting the issue of whether Lawyers Title is an innocent stakeholder for the purposes of an interpleader.

For the foregoing reasons, there is no necessity, in terms of litigating the Interpleader Counterclaim, for Count II against Lawyers Title to remain in this action.

### B.     Motion For Leave to Amend Should Be Freely Given

Rule 15(a)(2) states that the court should freely give a party leave to amend when justice so requires. Rule 15(a)(2), Fed. R. Civ. P. Plaintiffs withdrawal of the Affirmative Defenses will not unfairly prejudice Lawyers Title. In fact, it does the opposite: there is now no need for Lawyers Title to mount a case or propound argumentation on the issue of whether it is an innocent stakeholder — the Plaintiffs' concede the issue. Plaintiffs do not concede Lawyers Title's automatic right to attorney's fees, but they do concede that Lawyers Title did nothing to create the conflict between Plaintiffs and Swire over the escrowed funds.

Lastly, Lawyers Title itself sought, less than four weeks ago, to dismiss its counterclaim. It cannot now claim to be unfairly prejudiced by Plaintiffs withdrawing their Affirmative Defenses.

### III. CONCLUSION

For the above stated reasons, Plaintiffs request this Court permit Plaintiffs to dismiss Count II of the Amended Complaint against Lawyers Title with prejudice and to withdraw their Affirmative Defenses to Lawyers Title's Interpleader Counterclaim.

Respectfully Submitted,

/s/ Alexander Lian
Alexander Lian (Florida Bar Number: 571271)
Attorney e-mail address:
alian@alexanderlian.com
LIAN & ASSOCIATES
701 Brickell Avenue, Suite 1650
Miami, Florida 33131
Telephone: (305) 381-7910
Facsimile: (305) 379.0999
*Attorneys for Plaintiffs Double AA and*

*Daymi Rodriguez*

**Certificate of Service**

I hereby certify that on January 29, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        /s/ Alexander Lian

**SERVICE LIST**

**U.S. District Court**
**Southern District of Florida (Miami)**
**CASE #: 1:08-cv-23444-CMA**

**08-22662-CIV- ALTONAGA/BROWN**

**Stephen James Binhak**
**Greenberg Traurig**
**1221 Brickell Avenue**
**Miami , FL 33131**
**305-579-0862**
**Fax: 579-0717**
**Email: binhaks@gtlaw.com**
*Attorneys for Swire Pacific Holdings*

**Sandra Jessica Millor**
**Greenberg Traurig**
**1221 Brickell Avenue**
**Miami , FL 33131**
**305-579-0774**
**Fax: 305-579-0717**
**Email: millors@gtlaw.com**
*Attorneys for Swire Pacific Holdings*

**Philip J. Kantor**
**Quintairos, Prieto, Wood & Boyer, P.A.**
**One East Broward Boulevard, Suite 1400**
**Fort Lauderdale, Florida 33301**
**(954) 523-7008**
**Fax: (954) 523-7009**
**Email:  pkantor@qpwblaw.com**
*Attorneys for Lawyers Title Insurance Corporation*

**Asika Patel**
**Quintairos, Prieto, Wood & Boyer, P.A.**
**One East Broward Boulevard, Suite 1400**
**Fort Lauderdale, Florida 33301**
**(954) 523-7008**
**Fax: (954) 523-7009**
**Email:  apatel@qpwblaw.com**
*Attorneys for Lawyers Title Insurance Corporation*